**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORATORY CORPORATION OF AMERICA HOLDINGS )<br><br>Plaintiff, )<br><br>v. )<br><br>SPECTRUM LAB CORP. )<br><br>Defendant. ) | Case. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Laboratory Corporation of America Holdings states the following for its Complaint against Spectrum Lab Corp. ("Defendant"):

## NATURE OF THE ACTION

1. Laboratory Corporation of America Holdings ("LCAH") owns the trademark LABCORP and trademarks incorporating the term LABCORP. Its predecessors-in-interest and/or its corporate affiliates use the trademark LABCORP, and trademarks incorporating the term LABCORP, in connection with a wide variety of laboratory testing goods and services, and have for decades.

2. As more fully described below, without LCAH's authorization, and despite LCAH's objections, Defendant has used and continues to use trademarks that are colorable imitations of, and are confusingly similar to, LCAH's federally-registered

1

LABCORP trademarks in connection with the offering of its own laboratory testing services. An example of Defendant's use of such trademarks from the website located at <https://www.labprospects.com/CLIA/14D2235637> is depicted below:



As well as an example of Defendant's infringing use shown as it appears on anonymized patient lab results, which can be accessed by scanning the QR code below:





3. Because Defendant has refused to cease its use of the mark SPECTRUM LAB CORP in connection with its competing laboratory services, LCAH brings this action at law and in equity for trademark infringement and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act") and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*.  LCAH seeks to enjoin Defendant from using the mark SPECTRUM LAB CORP and any other mark that is confusingly similar to LCAH's LABCORP trademarks.  LCAH also seeks to recover damages resulting from Defendant's commercial activities, and/or an accounting of Defendant's profits from such commercial activities.

## PARTIES, JURISDICTION, AND VENUE

4. LCAH is a Delaware corporation with a place of business at 531 South Spring Street, Burlington, North Carolina 27215. LCAH is the record owner, by assignment from its predecessors-in-interest, of the LABCORP trademarks that are at issue in this dispute, including the federal trademark registrations that are identified below. For convenience, and unless the context indicates otherwise, the term "LabCorp" will be used to refer collectively to LCAH, LCAH's predecessors-in-interest and/or LCAH's corporate affiliates who use the trademarks owned by LCAH under authority from LCAH.

5. Upon information and belief, Defendant Spectrum Lab Corp. is an Illinois corporation with a principal place of business at 7958 N Waukegan Road, Niles, IL 60714.

6. This court has subject matter jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over LabCorp's related state law claims pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a citizen of Illinois, does business in this state, has committed tortious acts in this state, and has otherwise established contacts with this state sufficient to make proper the exercise of personal jurisdiction over Defendant.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this judicial district, and because a substantial part

of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

9. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

10. At all times material hereto, LabCorp has been, and currently is still, engaged in the business of offering, marketing, advertising, and offering for sale a wide variety of laboratory testing goods and services throughout the United States under multiple trademarks owned by LabCorp or under authority from LabCorp. As more fully described below, LCAH's LABCORP trademark, and trademarks incorporating the term LABCORP, are registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") and are used in connection with a variety of laboratory testing goods and services.

### The LABCORP Marks

11. Beginning at least as early as April 26, 1995, LCAH's predecessor-in-interest adopted and began using the distinctive designation LABCORP (the "LABCORP Mark") in interstate commerce for the purpose of identifying and distinguishing its laboratory testing goods and services from the services of other providers and distributors of laboratory testing services. LabCorp has advertised, marketed, distributed, offered for sale, and provided its services under the designation LABCORP for almost thirty years.

12. On September 17, 1996, LCAH's predecessor-in-interest was granted U.S. Trademark Registration No. 2,000,799 for the LABCORP Mark, in word mark form, on the USPTO's Principal Register for use in connection with "management and

5

management consulting services in connection with the provision of clinical, diagnostic and analytical testing services; and computer information storage and retrieval in the field of clinical, diagnostic and analytical testing" in Class 35 and "clinical, diagnostic and analytical testing services; and providing access to an interactive computer database in the field of clinical, diagnostic and analytical testing" in Class 42 (the "LABCORP Registration"). The LABCORP Registration, which LCAH duly acquired from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The LABCORP Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of LCAH's ownership of said mark, and of LabCorp's exclusive right to use said mark in commerce in connection with laboratory testing services. A true and accurate copy of the Certificate of Registration for the LABCORP Registration is attached hereto as Exhibit 1.

13. LCAH owns, *inter alia*, the LABCORP Registration, additional registrations on the USPTO's Principal Register that incorporate or wholly consist of the term LABCORP (collectively, the "LABCORP Marks"), and all of the goodwill associated therewith in the United States. The LABCORP Registration remains valid, subsisting, and uncancelled, and has become incontestable as described above.

14. The LABCORP Marks inherently distinguish LabCorp's laboratory testing goods and services from those of others. The LABCORP Marks are recognized by the general consuming public as a designation of the source of LabCorp's services and, as a result of LabCorp's long and continuous use and promotion of the LABCORP Marks

6

throughout the United States, consumers recognize the LABCORP Marks as symbols of the highest quality of laboratory testing services, and associate and identify the LABCORP Marks with LabCorp or with a single source. LCAH derives substantial goodwill and value from this identification by the consuming public and the trade.

## Defendant's Infringing Conduct

15. On information and belief, Defendant has operated, and continues to operate a company that offers laboratory testing services in the Greater Chicago area. Upon further information and belief, Defendant offers and promotes these laboratory testing services under the mark SPECTRUM LAB CORP. True and accurate print outs of Defendant's CDC registration, located at <https://www.cdc.gov/clia/LabSearch.html>, as well as anonymized patient test results accessed by scanning < >, and displaying the SPECTRUM LAB CORP designation are attached as Exhibit 2.

16. Upon learning of Defendant's infringing conduct after a customer mistakenly called LabCorp's customer service line inquiring as to her COVID-19 test results under the mistaken belief that LabCorp—not Defendant—had processed her test specimen. Based on this instance of actual confusion, LCAH's counsel wrote to Defendant on February 17, 2022. LCAH sent letters to two addresses for Defendant, as well as to both the registered agent on record with the Illinois Secretary of State and the lab director listed on anonymized patient test results.

17. LCAH did not receive a response to its February 17, 2022, letters.

18. On March 1, 2022, LCAH's counsel again wrote to Defendant, sending follow up letters to the same addresses and agents.

19. LCAH did not receive a response to its March 1, 2022, follow up letters.

20. On March 31, 2022, counsel for LCAH realized Defendant had changed its registered agent on record with the Illinois Secretary of State. For this reason, LCAH sent one final set of follow up demand letters on March 31, 2022.

21. LCAH did not receive a response to its March 31, 2022, demand letters.

22. LCAH has not authorized, and does not authorize, Defendant's use of the LABCORP Mark, or colorable imitations thereof, in connection with the offering of laboratory testing services, nor any other services offered by Defendant.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered LABCORP Mark under 15 U.S.C. § 1114)

23. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

24. Defendant's unauthorized use in commerce of the mark SPECTRUM LAB CORP is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendant's laboratory testing services. The trade and consuming public are likely to believe that said services of Defendant originate from LabCorp or from the same source as laboratory services offered under the LABCORP Marks, or that there is some connection between the provider of the LABCORP laboratory services, on the one hand, and Defendant, on the other, when such is not the case.

25. By its unauthorized commercial use of the mark SPECTRUM LAB CORP in connection with services that are either identical to or closely related to those for which LCAH owns valid and incontestable federal registrations for the LABCORP Marks, Defendant has infringed, and is infringing, the federally registered LABCORP Marks, including but not limited to the LABCORP Registration, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

26. As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, LCAH has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. Moreover, Defendant's conduct will cause LCAH to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

27. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to LCAH, and LCAH is entitled to injunctive relief and to recover LCAH's actual damages and/or an award of Defendant's profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a))

28. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

29. Defendant's unauthorized use of the mark SPECTRUM LAB CORP is likely to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendant's services. Such conduct therefore constitutes a false designation of origin, and a false description and false representation of fact, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

30. As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, LCAH has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. Moreover, Defendant's conduct will cause LCAH to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

31. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to LCAH, and LCAH is entitled to injunctive relief and to recover LCAH's actual damages and/or an award of Defendant's profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

32. Defendant's actions have been willful and deliberate, entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## THIRD CLAIM FOR RELIEF
### (State Deceptive Trade Practices)

33. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

34. Defendant has engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or its services with LCAH and its goods and services; and using deceptive representations or designations of origin in connection with Defendant's services.

35. The unauthorized use by Defendant of the SPECTRUM LAB CORP mark is causing and is likely to cause substantial injury to the public and to LCAH. LCAH has no adequate remedy at law for this injury. LabCorp is entitled to injunctive relief and to an award of its attorneys' fees under 815 ILCS (1992) 513.

**WHEREFORE,** LCAH prays the Court as follows:

A. That the Court permanently restrain and enjoin Defendant, and its agents, servants, employees, attorneys, and other persons in active concert or participation with Defendant, from any and all further unauthorized use of the mark SPECTRUM LAB

11

CORP and any other colorable imitation of the LABCORP Marks, as a trademark, trade name, or other attention-getting device or triggering mechanism in connection with laboratory testing services, including the destruction of all advertising and promotional materials bearing the mark SPECTRUM LAB CORP or any other colorable imitation of the LABCORP Mark;

  B.  That LCAH have and recover of Defendants such actual damages as LCAH may prove at trial and/or that Defendants account to LCAH for all amounts received as a direct and proximate result of Defendant's unlawful conduct, and all of Defendant's profits derived therefrom;

  C.  That such damages or profits to which LCAH is entitled be trebled pursuant to 15 U.S.C. § 1117;

  D.  That the costs of this action, including a reasonable attorneys' fee for LabCorp's attorneys, be taxed against Defendant;

  E.  That LCAH be awarded pre- and post-judgment interest;

  F.  That LCAH have and receive a trial by jury on all issues so triable; and

  G.  That the Court grant LCAH such other and further relief, both general and specific, as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), LCAH requests a trial by jury in this matter.

Respectfully submitted, this the 8th day of September, 2022.

/s/ Jeffrey T. Norberg
Richard B. Biagi, Esq.
Illinois Bar No. 6274572
Jeffrey T. Norberg, Esq.
Illinois Bar No. 6315012
**NEAL & McDEVITT, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone: (847) 441-9100
Facsimile: (847) 441-0911

**KILPATRICK TOWNSEND & STOCKTON LLP**

William M. Bryner
Laura C. Miller
Tiffani D. Otey
Emily M. Yates
1001 West 4th Street
Winston-Salem, NC  27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)

*Attorneys for Plaintiff*
*Laboratory Corporation of America Holdings*